IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT CARLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3310 |
| | ) | |
| T.D. CRANE SERVICE, INC., | ) | |
| and TIM DIAL, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion of Defendant Tim Dial for Partial Summary Judgment and the Motion of Defendant T.D. Crane Service, Inc. to Dismiss for lack of Jurisdiction.

In an Order entered on February 1, 2012, the Court Allowed the Defendants' Motion to Dismiss as to any Title VII claims. The Court Denied the Motion to the extent that Plaintiff Robert Carlock was asserting claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.* Moreover, the Motion was Denied to the extent that Plaintiff was asserting any state law retaliation claims.

I.

Defendant Tim Dial now moves for partial summary judgment on the basis that he was never the Plaintiff's "employer" within the meaning of the ADA. At all relevant times, the Plaintiff was an employee of Defendant T.D. Crane Service. In support of that assertion, Dial cites paragraphs 5 and 6 of his affidavit which is attached to the motion. He also relies on the Plaintiff's Pro Se Complaint, which states that Plaintiff was employed by T.D. Crane Service.

Summary judgment is appropriate if the motion is properly supported and "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). The Court construes all inferences in favor of the Plaintiff. *See Siliven v. Indiana Dept. of Child Services*, 635 F.3d 921, 925 (7th Cir. 2011).

The ADA allows only for employer liability, not individual liability. *See Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999). For that reason, Dial claims he is entitled to summary judgment on the Plaintiff's ADA claim.

In his Response to the Motion, the Plaintiff states only that Defendant has not included a Statement of Material Facts. A party moving for summary judgment must "[l]ist and number each undisputed material fact which is the basis for summary judgment." *See* CDIL-LR 7.1(D)(1)(b). Any relevant documentary evidence must be included as exhibits to the motion. *See id.*

Defendant Dial has included and properly supported the one fact that is dispositive of his motion. The Plaintiff has not created a factual dispute as to the assertion. Accordingly, Dial is entitled to judgment as a matter of law as to the ADA claim.

## II.

Defendant T.D. Crane seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the basis it is not an "employer" under the ADA because, at all relevant times, it employed less than 15 people. The ADA defines "employer," in relevant part, as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or

3

preceding calendar year . . ." 42 U.S.C. § 12111(5)(A). The Defendant seeks dismissal for lack of subject matter jurisdiction.

T.D. Crane's assertion that the statutory requirement regarding the number of employees is jurisdictional is incorrect. *See Sharpe v. Distributing Co.*, 148 F.3d 676, 677-78 (7th Cir. 1998), *abrogated by Papa v. Katy Industries, Inc.*, 166 F.3d 937 (7th Cir. 1999). The plaintiff's failure to show that the minimum number is met is akin to the failure to meet any other statutory requirement. *See id.* "[T]he issue is not jurisdictional." *Papa*, 166 F.3d at 943 (determining that the judge erred in finding that the few-employees exemption issue was jurisdictional and converting a summary judgment motion to a Rule 12(b)(1) motion).

Therefore, the Court will consider T.D. Crane's motion as a motion for partial summary judgment. According to the Complaint, the Plaintiff alleges that discrimination occurred in December 2009. *See* Compl., p.8 ¶ IV-B. T.D. Crane contends that, for purposes of the ADA, it did not employ more than 15 people in 2008, 2009, 2010, or 2011.

Exhibit A is an affidavit of Tim Dial, the Vice President of T.D.

Crane. The affidavit was attached to T.D. Crane's motion. Dial states that, in the calendar years 2008, 2009 and 2010, T.D. Crane had only five full-time employees working throughout the year. *See* Exhibit A, ¶¶ 8-21. In 2011, it had four full-time employees. *See* Exhibit A, ¶¶ 22-25. All other employees working in 2008, 2009, 2010 and 2011 were part-time employees. *See* Exhibit A ¶¶ 8-9, 12-13, 16-17, 20-21 and 24-25, Attachments One through Four. The most days worked by any part-time employee in 2008 was 19. *See* Ex. A, Attachment One. The most days worked by any part-time employee in 2009 was 23. *See* Ex. A, Attachment Two. The most days worked by any part-time employee in 2010 was 33. *See* Ex. A, Attachment Three. The most days worked by any part-time employee in 2011 was 36. *See* Ex. A, Attachment Four.

T.D. Crane alleges that, because its work weeks consist of five days, in order to have been considered an "employer" under the ADA in 2008, 2009 and 2010, it would have had to have an additional ten employees working for 100 or more days during those years. As to 2011, T.D. Crane would have had to have had an additional eleven employees working for

100 or more days. It did not come close to satisfying the minimum threshold under the ADA in any of those years.

The Court reviewed the Plaintiff's initial Response to the Defendant's Motion. The Response did not create a genuine issue of material fact as to whether the number of employees is satisfied. Therefore, the Plaintiff was granted leave to submit additional materials outside the pleadings in support of his Opposition to the Defendant's Motion. The Plaintiff has submitted a Supplemental Response.

Upon reviewing the Plaintiff's Supplemental Response, the Court concludes that Plaintiff has not created a genuine issue of material fact as to whether T.D. Crane employed at least 15 people at or around the time of the alleged discrimination. Although the Plaintiff "objects to the accuracy and credibility" of the Defendant's evidence–specifically, to Attachments One, Two, Three and Four–these objections amount to little more than bare denials. Moreover, the fact that Defendant does not list the position or title of each employee is irrelevant because it is the number of employees that is significant. Although it appears the number of part-

time employees varied from day to day, it is apparent that T.D. Crane did not have ten part-time employees working for 100 or more days in 2008, 2009, 2010 or 2011. According to the attachments, no employee worked more than 36 days.

Although the Plaintiff questions the authenticity of the attachments, each was authenticated by Dial. As T.D. Crane's Vice President, Dial states that he is "throughly familiar with the number employees working for T.D. Crane, their employment status and the duration of their employment" during the relevant time period. *See* Exhibit A, ¶ 8. Moreover, Dial is "thoroughly familiar with the contents of employee time sheets, employee payroll records and all other employment documents kept in the usual course of business" for the company during the relevant time period. *See* Exhibit A, ¶ 9. The attachments list the names of employees, their status as full or part time, and the number of days worked each year. Dial states that they were compiled from "employee time sheets, employee payroll records and other employment documents kept in the usual course of business." *See* Exhibit A, ¶¶ 12, 16, 20 & 24.

The Court concludes that the documents have been properly authenticated by Dial. The record establishes that T.D. Crane does not meet the statutory definition of an "employer" under the ADA because, at all relevant times, it did not have 15 or more employees for each working day in each of 20 or more calendar weeks. Accordingly, T.D. Crane is entitled to summary judgment on the Plaintiff's ADA claims.

The Court has concluded that Defendants are entitled to summary judgment as to the ADA claims. The Title VII claims have already been dismissed. Having dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

Ergo, the Motion of Defendant Tim Dial for Partial Summary Judgment [d/e 11] is ALLOWED. The Motion of Defendant T.D. Crane Service, Inc. for Partial Summary Judgment [d/e 12] is ALLOWED. The claims under the Americans with Disabilities Act are DISMISSED WITH PREJUDICE.

Having dismissed the federal claims, pursuant to 28 U.S.C. §

1367(c)(3), the Court declines to exercise supplemental jurisdiction over any remaining state law claims. The Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

The Clerk will enter judgment in favor of the Defendants.

ENTER: May 18, 2012

    FOR THE COURT:

                                                *s/Richard Mills*
                                                Richard Mills
                                                United States District Judge